[PHILADELPHIA, MARCH 30, 1832.]

MIFFLIN, assignee of WISTAR and another creditors of MIFFLIN *against* RASEY and Wife executors of HILL.

A judgment given by one of two joint assignors of real estate for the benefit of creditors, to the other, prior to their assignment, must be postponed to the debts provided for by the assignment, though the judgment has been subsequently transferred to one, who, with notice of the assignment, paid value for it.

THIS case came before the court on exceptions filed to the report of an auditor appointed to distribute the money arising from the sale of the real estate of *John Hill* deceased, the defendant's testator, under a mortgage given by him to *John F. Mifflin*, upon which a *scire*

(Mifflin *v.* Hill.)

*facias* was sued out by *Sarah Mifflin* assignee of the executors of the mortgagee. The fund to be distributed was the balance which remained after satisfying this mortgage.

It appeared that *John Hill* died in the year 1812, leaving a widow, *Letitia Hill*, and three children, *viz. Martin, William* and *John*.

On the 19th of *December*, 1816, judgment was entered in favour of *Letitia Hill* against *William Hill* for four thousand dollars upon a bond by virtue of a warrant of attorney.

On the 28th of *August* 1818, *Letitia Hill* and *William Hill* assigned the premises in question to trustees, their executors and administrators in trust to pay out of the rents and profits thereof certain creditors therein named, the amount of their respective debts; the assignment to be null and void after the payment of those debts, and the premises assigned to revert to the assignor.

The trustees entered into the premises and continued to receive the rents and pay the creditors until the sale of the premises under the mortgage above mentioned, which took place in the year 1831. The first class of creditors had then been paid in full, but the others had received nothing.

In the year 1821 the judgment of *Letitia Hill* against *William Hill* was revived by amicable *scire facias*, and in the year 1826, another *scire facias* issued upon the same judgment in the name of *Letitia Hill* for the use of *Martin Hill*, but no other evidence of *Martin's* interest in the judgment was produced. These *scire faciases* of 1821 and 1826 were not served on the trustees or on any other person than *William Hill* the defendant, and judgment was entered against him for want of an appearance.

Under the judgment obtained in the *scire facias* last issued, " the right, title and interest" of *William Hill* in the premises, was levied on and sold by the sheriff and purchased for the sum of twenty-five dollars by *Martin Hill*, to whom the sheriff acknowledged a deed on the 10th of *March* 1828.

*Martin Hill* had previously purchased all his brother *John's* interest in the premises, at sheriff's sale, for the sum of one hundred and seventy dollars. No claimant appeared before the auditor for the interest of *John Hill*, except *Martin Hill.*

The auditor reported, " That the judgment of *Letitia Hill* of the 19th of *December* 1816, being anterior to the assignment and regularly kept alive to execution and sale, was a lien overreaching the assignment and is entitled to be paid to the exclusion of the creditors under the assignment."

To this report of the auditor the creditors excepted,

*First,* " Because the judgment was not a lien regularly revived, so as to entitle *Martin Hill* to receive the proceeds in court that would be coming to *William Hill.*

*Second,* " Because any enforcement of the judgment by *Letitia Hill* or *Martin Hill*, having notice, would be a fraud on the creditors under the assignment.

(Mifflin *v.* Hill.)

*Third,* " Because the trustees of *Letitia Hill* for the payment of debts are entitled to receive whatever is set apart by the auditor as the interest of *William Hill* in the moneys in court."

These exceptions were argued by *Purdon* for the creditors, and by *Arundel* for *Martin Hill.*

The opinion of the court was delivered by

GIBSON, C. J.—An assignment to trustees for payment of debts, passes the whole interest of the assignors, whether joint or separate, actual or contingent. The judgment of *Letitia Hill* v. *William Hill,* even in the hands of one who had paid value for it, is therefore not entitled to take precedence of their joint assignment, passing, as it did, every incidental or derivative interest necessary to impart to the fund its utmost power of productiveness. As regards a resulting interest after payment of the debts, if any such had remained, this judgment like any other security between the assignors themselves, would have remained unaffected; but their creditors claiming by title paramount, are entitled to the utmost estate or interest which the assignors, or either of them, have in the property, so far as is necessary to the business of satisfaction. The exception to the report of the auditor in this particular, must therefore be allowed.

Decree accordingly.